IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VESTEY GROUP LIMITED,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>　　　　　　　　Respondent. | Civil Action No. 18-01456 (TFH) |

## STIPULATED ORDER FOR JUDGMENT

WHEREAS, Petitioner Vestey Group Limited ("Vestey") is a private limited company incorporated under the laws of England and Wales;

WHEREAS, Respondent is the Bolivarian Republic of Venezuela ("Venezuela"), a foreign State within the meaning of the Foreign Sovereign Immunities Act ("FSIA"); *see* 28 U.S.C. § 1603(a);

WHEREAS, on April 15, 2016, the arbitration tribunal in the ICSID Convention arbitration captioned *Vestey Group Ltd. v. Bolivarian Republic of Venezuela*, ICSID Case No. ARB/06/4, issued an award (the "Award") directing Venezuela to pay Vestey: damages in the amount of US$98,145,325 (the "Damage Amount"); interest on this amount at the rate applicable to six-month U.S. sovereign bonds, compounded semi-annually, from October 29, 2011 until payment in full (the "Pre-judgment Interest"); and costs in the amount of US$585,391.82 (the "Costs");

WHEREAS, the parties have agreed to resolve, by way of compromise, a disagreement over the amount of Pre-judgment Interest, and have agreed that the amount of Pre-Judgment

Interest from October 29, 2011 until August 31, 2020 shall be US$5 million, and that Pre-judgment Interest calculated on the Damage Amount of US$98,145,325 and Pre-judgment Interest amount of US$5 million from September 1, 2020 until the date of entry of judgment shall be calculated at the rate of 0.13162% per year.

WHEREAS, on August 12, 2016, Venezuela filed an application to annul the Award with the International Centre for Settlement of Investment Disputes;

WHEREAS, on April 26, 2019, the *ad hoc* Committee constituted to rule on Venezuela's application declined to annul the Award and directed Venezuela to pay Vestey's fees and expenses related to Venezuela's annulment application in the amount of £685,849.15 (the "Annulment Fees") (the "Annulment Award," together with the Award, the "Awards"), which the parties have agreed to convert into U.S. Dollars at a rate of 1.2915, which approximates the prevailing exchange rate on the date of the Annulment Award, for an amount of Annulment Fees of US$885,774.17;

WHEREAS, Venezuela states that it has determined to proceed with an orderly and consensual renegotiation of legacy commercial claims as soon as practicable, in accordance with laws enacted and to be enacted by the National Assembly;

WHEREAS, Venezuela states that it has determined to respond to all reconciled claims in accordance with principles and on financial terms that are consistent with an economic recovery program to be supported by the International Monetary Fund and other official sector sponsors;

WHEREAS, Venezuela states that it has determined that no preferential treatment will be accorded in the debt renegotiation to claims that have been reduced to a court judgment;

WHEREAS, Vestey has not agreed to participate in any such claims reconciliation process or any potential debt renegotiation at this time, makes no comment concerning

Venezuela's stated decision not to afford preferential treatment to claims reduced to a court judgment, and specifically reserves all of its rights with respect to Venezuela's claims reconciliation process and debt restructuring, including, without limitation, its right to accept or reject any offer from Venezuela, to challenge the treatment afforded by Venezuela to Vestey's claims, and/or to pursue any post-judgment collection efforts it chooses, subject to the terms set out in the operative part of this stipulation, below;

WHEREAS, Vestey represents and warrants to the Republic that (i) Vestey is not, and is not owned or controlled by, or otherwise affiliated with, a Sanctioned Party, is not acting directly or indirectly in any way for or on behalf of a Sanctioned Party; and (ii) any amounts that Vestey may recover on the stipulated judgment will not benefit a Sanctioned Party in violation of any sanctions regulations imposed by the United States and administered by the Office of Foreign Assets Control ("OFAC") of the United States Treasury. The term "Sanctioned Party" means any entity whose property and interests in property are blocked pursuant to Executive Order 13692, 13850 or 13884 or any other Venezuela-related sanctions administered or enforced by OFAC, including the Republic of Venezuela, any political subdivision, agency, or instrumentality thereof, including the Central Bank of Venezuela, Petróleos de Venezuela, S.A., the National Bolivarian Armed Forces of Venezuela and the Venezuelan Economic and Social Development Bank, any person owned or controlled, directly or indirectly, by the foregoing, and any person who has acted or purported to act directly or indirectly for or on behalf of, any of the foregoing, including as a member of the Nicolás Maduro regime.  Any breach of this representation and warranty shall be grounds for relief from the judgment under Federal Rule of Civil Procedure 60(b)(6) for such period as such breach exists;

WHEREAS, Venezuela states that it has determined that it is in the interests of the Venezuelan people, of the restoration of democracy in Venezuela, and of the eventual orderly and consensual renegotiation of legacy commercial claims, to reduce expenditures on litigation where possible, consistent with the interests in a fair recognition of just claims and ensuring that unjust claims are not paid;

WHEREAS, while Venezuela is itself a party to, and is bound by, this agreement, no agency or instrumentality of Venezuela is a party to this agreement;

NOW, THEREFORE, PETITIONER VESTEY AND RESPONDENT BOLIVARIAN REPUBLIC OF VENEZUELA, BY AND THROUGH THEIR UNDERSIGNED COUNSEL STIPULATE AND AGREE AS FOLLOWS:

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1330(a) and the FSIA's arbitration exception, 28 U.S.C. § 1605(a)(6), because this is an action to confirm an arbitral award that is governed by treaty to which the United States is a party. *See* Convention on the Settlement of Investment Disputes between States and Nationals of Other States, Mar. 18, 1965, 17 U.S.T. 1270, 575 U.N.T.S. 159 ("ICSID Convention").

2. The parties consent to the entry of a judgment against Venezuela on the Awards.

3. The sums owed under the Awards shall accrue post-judgment interest at the rate set forth in 28 U.S.C. § 1961.

4. Venezuela has determined that Vestey's claim for the Damage Amount, Costs, and Annulment Fees under the Awards has been adequately documented and computed and the parties have agreed to resolve, by way of compromise, a disagreement over the Pre-judgment Interest.

5.  The parties recognize that creditors' ability to collect on judgments such as that at issue in this proceeding is currently restricted under the terms of the sanctions regulations imposed by the United States and administered by the Office of Foreign Assets Control ("OFAC") of the United States Treasury.

6.  Vestey agrees that it shall not attempt to execute the Awards, or this Court's judgment confirming, recognizing and enforcing the Awards, (including by perfecting any lien created by the judgment) against any of Venezuela's assets in the United States or the United Kingdom until the earlier of (a) 18 months from the date of this judgment, or (b) Vestey's being permitted to execute the Awards or this Court's judgment, or not being prohibited from executing the Awards or this Court's judgment, under any sanctions regulations issued by the OFAC, whichever occurs first. Except that, if otherwise permitted by applicable law and regulations, Vestey may (i) seek certification pursuant to 28 U.S.C. § 1610(c) that a reasonable period of time has elapsed to allow enforcement of the judgment, so long as such certification is sought at least 6 months after the date of this judgment, and (ii) register the judgment under 28 U.S.C. § 1963 at least 6 months after the date of this judgment.

7.  Vestey shall not knowingly transfer or assign the Awards or this judgment to any Sanctioned Party in violation of any OFAC sanctions regulations; and Vestey and any of its successors or assigns, and anyone acting on its behalf, including its officers, agents, servants, employees, trustees, beneficial owners, and attorneys, and all persons and organizations acting in concert with any of them, shall be bound by the terms of this Stipulated Order for Judgment dated December 22, 2020.

8.  This stipulation should not be construed as a waiver by Vestey of any claim, right, or argument, except as expressly set out herein, all of which Vestey expressly preserves. This

stipulation should not be construed as a waiver by Venezuela of any rights, immunities or defenses to the enforcement of the judgment.

9.  The Court shall retain non-exclusive jurisdiction over matters related to the enforcement of the agreement reflected in the prior paragraphs.

WHEREFORE, it is hereby ORDERED that:

1.  The Awards are CONFIRMED;

2.  The Clerk of the Court shall enter judgment for Vestey and against Venezuela in the amount of US$104,616,491 plus Pre-judgment Interest calculated on the Damage Amount of US$98,145,325 and Pre-judgment Interest amount of US$5 million at the rate of 0.13162% per year from September 1, 2020 until the date of entry of judgment;

3.  Post-judgment interest pursuant to 28 U.S.C. § 1961 shall accrue on this amount from the date of the judgment until full payment;

4.  Vestey shall not attempt to execute the Awards, or this Court's judgment confirming, recognizing and enforcing the Awards, (including by perfecting any lien created by the judgment) against any of Venezuela's assets in the United States or the United Kingdom until the earlier of (a) 18 months from the date of the judgment, or (b) Vestey's being permitted to execute the Awards or this Court's judgment, or not being prohibited from executing the Awards or this Court's judgment, under any sanctions regulations issued by the U.S. Treasury Department's Office of Foreign Assets Control, whichever occurs first.  Except that, if otherwise permitted by applicable law and regulations, Vestey may (i) seek certification pursuant to 28 U.S.C. § 1610(c) that a reasonable period of time has elapsed to allow enforcement of the judgment, so long as such certification is sought at least 6 months after the date of this judgment,

and (ii) register the judgment under 28 U.S.C. § 1963 at least 6 months after the date of this judgment.

5.  Vestey shall not knowingly transfer or assign the Awards or this judgment to any Sanctioned Party in violation of any OFAC sanctions regulations; and Vestey and any of its successors or assigns, and anyone acting on its behalf, including its officers, agents, servants, employees, trustees, beneficial owners, and attorneys, and all persons and organizations acting in concert with any of them, shall be bound by the terms of this Stipulated Order for Judgment dated December 22, 2020.

6.  This Court shall retain non-exclusive jurisdiction over matters related to the enforcement of this judgment.

| | |
|---|---|
| Dated:   December 22, 2020<br>         New York, New York | AGREED AND CONSENTED TO, |
| **FRESHFIELDS BRUCKHAUS<br>DERINGER US LLP**<br><br>By: _____<br>Elliot Friedman<br>(D.C. Bar No. NY0106)<br>David Y. Livshiz<br>(D.C. Bar No. NY0269)<br>Cameron Russell<br>(D.C. Bar No. NY0321)<br>601 Lexington Ave., 31st Floor<br>New York, New York 10022<br>Telephone: (212) 277-4000<br>Facsimile: (212) 277-4001<br>*elliot.friedman@freshfields.com*<br>*david.livshiz@freshfields.com*<br>*cameron.russell@freshfields.com* | **SULLIVAN AND CROMWELL LLP**<br><br>By: _____<br>Sergio J. Galvis<br>Joseph E. Neuhaus<br>James L. Bromley<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile:  (212) 558-3588<br>*galviss@sullcrom.com*<br>*neuhausj@sullcrom.com*<br>*bromleyj@sullcrom.com* |
| *Attorneys for Petitioner Vestey Group Limited* | *Attorneys for Respondent Bolivarian<br>Republic of Venezuela* |

SO ORDERED:

_____
HON. THOMAS F. HOGAN
United States District Judge

Entered: __January 19, 2021__